## TIME, Inc., v. VIOBIN CORPORATION.
### No. 7921.

Circuit Court of Appeals, Seventh Circuit.
June 15, 1942.

Harold R. Medina, of New York City, and Carl S. Lloyd, of Chicago, Ill., for appellant.

Louis A. Busch and Earl C. Harrington, both of Champaign, Ill., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment, entered September 20, 1941, in a suit for trademark infringement and unfair competition. The relief sought was an accounting for profits and damages, and an injunction restraining the defendant from the use of the trademark described in the complaint, or any imitation thereof.

The District Court rendered an opinion in which the facts are so aptly stated that there appears no occasion to repeat them in detail. Time, Inc., v. Viobin Corp., 40 F.Supp. 249. Briefly, plaintiff, a New York Corporation, is engaged in the publication of the weekly picture magazine "Life" and has been so engaged since October, 1936. The magazine features the trademark "Life" in large white block letters against a flame red background. Plaintiff has registered in the United States Patent Office its trademark "Life" as used in this unique and distinctive manner. Defendant, an Illinois corporation, is engaged in the manufacture and distribution of a cereal product under the designation "Life of wheat" and has been so engaged since the early part of 1941. Its cereal product is distributed in tin cans with labels attached thereto bearing the name "Life of wheat," the size of the letters "of wheat" being smaller than those of "Life." The letters of these words are also white block against a red background. In addition to these letters, defendant's label contains a detailed description of its product. Defendant, in response to complaint by the plaintiff, modified its label by changing certain of the white portions to yellow, including a number of heads of wheat which had appeared formerly in white. After the modification, however, the words "Life of wheat" still appeared in white block letters upon a red background.

The lower court decided against infringement of plaintiff's trademark, largely on the ground of the dissimilarity of defendant's product to which the marks were attached. The court cites numerous authorities in support of its conclusion in this respect, including American Steel Foundries v. Robert-

son, 269 U.S. 372, on page 380, 46 S.Ct. 160, 162, 70 L.Ed. 317, wherein it was said:

"The mere fact that one person has adopted and used a trade-mark on his goods does not prevent the adoption and use of the same trade-mark by others on articles of a different description. There is no property in a trade-mark apart from the business or trade in connection with which it is employed. * * *"

■ On the matter of unfair competition, the court, after a thorough analysis of many authorities, including most of those relied upon here, also decided contrary to plaintiff's contention. We are convinced, after a careful study of the court's opinion, that the correct conclusion was reached, both as to the charge of infringement and unfair competition.

Under such circumstances, we would adopt the opinion of the lower court except for the fact it appears no consideration was given to the rule in Illinois in reaching its decision. We assume it was not called to the court's attention—in fact, it was not mentioned or discussed in the original briefs filed in this court. The matter was raised by the court on oral argument, and the parties have since filed supplemental briefs, dealing with the Illinois authorities.

■ We think there can be no question but that plaintiff's charge of unfair competition must be determined by the law of Illinois. This court so decided in Addressograph-Multigraph Corp. v. American Expansion Bolt & Mfg. Co., 7 Cir., 124 F.2d 706, 708. It may be pertinent to note of this case that there was no charge of trademark infringement, but it related solely to unfair competition. We reiterated our holding in this respect in the recent case of Rytex Co. v. Ryan, 7 Cir., 126 F.2d 952. In this case, as in the instant one, both trademark infringement and unfair competition were in issue. The validity of our holding in these two cases appears to have been approved in the recent decision of the Supreme Court in Pecheur Lozenge Co., Inc., Petitioner, v. National Candy Co., Inc., 62 S.Ct. 853, 86 L.Ed. ——, decided March 30, 1942, wherein the court said:

" * * * The only cause of action that this record could possibly support is for unfair competition and common law 'trademark infringement', to which local law applies. * * *"

Plaintiff advances the theory that the two phases of the case—i. e., infringement and unfair competition—are so inextricably bound together that it is not practical to separate them and say that the Federal law is to be applied to infringement, and local law to unfair competition. It is therefore argued that the Federal law must be applied to each. No authority is cited in support of this contention and we do not believe it is sound. In conformity with the authorities cited, we think that unfair competition must be determined by local law.

■ On the other hand, we are of the opinion that trademark infringement, in view of the Federal Statute providing for registration, presents an exception to the doctrine of Erie R. Co. v. Tompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and is to be determined by general Federal law. True, our opinion in this respect is somewhat weakened by the Pecheur Lozenge case, supra. In that case, as appears from the Supreme Court opinion, there was thought to be involved only the infringement of a registered trademark. A decree for plaintiff was reversed by the Circuit Court of Appeals for the Third Circuit, 122 F.2d 318. The Supreme Court said:

" * * * Both courts below having failed to consider or apply local law, we granted certiorari, 314 U.S. 603, 62 S.Ct. 182, 86 L.Ed. ——, in order to determine whether local law or federal law should have been applied in a suit for infringement of a trademark registered under the Trademark Act of 1905, 33 Stat. 724 [15 U.S.C.A. § 81 et seq.], * * *."

It appears, however, that the court, upon an examination of the record, determined no cause of action was stated for trademark infringement and thus the point on which certiorari was granted was not decided. The court then proceeded to make the statement quoted heretofore and vacated the decree so that the Court of Appeals might apply the appropriate local law. While we adhere to the view that trademark infringement is not to be determined by local law, it is of significance that the Supreme Court allowed certiorari on this precise point.

Some of the more important Illinois cases which announce the determinative rule as to unfair competition are: DeLong Hook & Eye Co. v. Hump Hairpin Mfg. Co., 297 Ill. 359, 130 N.E. 765; Johnson Mfg. Co. v. Alfred Johnson Skate Co., 313 Ill. 106, 144

N.E. 787; The Stevens-Davis Co. v. Mather & Co., 230 Ill.App. 45, and Soft-Lite Lens Co., Inc., v. Ritholz, 301 Ill.App. 100, 21 N.E.2d 835. In the Stevens-Davis case is found a lengthy discussion and analysis of Illinois cases, as well as those of other jurisdictions, and a determination that the so-called "palming off" doctrine is the rule in Illinois. On page 65, of 230 Ill.App., the court said:

"The courts in this State do not treat the 'palming off' doctrine as merely the designation of a typical class of cases of unfair competition, but they announce it as the rule of law itself—the test by which it is determined whether a given state of facts constitutes unfair competition as a matter of law. * * *"

This rule was later approved in the Soft-Lite case, supra.

■ Plaintiff contends that the rule thus announced does not defeat its cause of action for the reason that defendant is "palming off" its goods as those of the plaintiff by representing that the plaintiff is in some way identified with, and is sponsoring and approving, defendant's product. We are satisfied, however, that the Illinois decisions do not permit an interpretation of the "palming off" doctrine so as to include results so indirect and speculative in their nature. It consists of passing off or attempting to pass off the goods of one person as and for those of another. As was said in the Stevens-Davis case, supra, pages 66, 67 of 230 Ill.App.:

" * * * Each case is not to be left to the discretion of the court to be decided according to the court's idea of justice and right. The 'palming off' rule is expressed in a positive, concrete form which will not admit of 'broadening' or 'widening' by any proper judicial process. It is rigid and inelastic. * * *

"We feel bound, therefore, to follow the rule of law of this State, and to hold that unfair competition 'consists in the sale of the goods of one manufacturer or vendor for those of another, and if defendant so conducts its business as not to palm off its goods as those of complainant, the action fails.' DeLong Hook & Eye Co. v. Hump Hairpin Mfg. Co., supra."

■ Without pursuing the matter further, we are convinced that plaintiff presented no cause of action under the rule of Illinois. Notwithstanding the fact that the lower court predicated its decision as to unfair competition upon the Federal rule, the result is the same upon application of the State rule. Under such circumstances, there is no occasion to discuss or decide what, if any, difference there may be between the two rules.

Plaintiff also complains as to the procedure followed in the court below. Subsequent to the filing of the complaint, an application was made by the plaintiff for a preliminary injunction, supported by affidavits and exhibits. Thereupon, an order to show cause was directed at the defendant. Defendant answered this order and submitted affidavits and certain exhibits in support thereof. Arguments were heard by the court and briefs submitted by the parties. It was at this stage of the proceeding that the court rendered its opinion. Subsequently, a motion was made by the defendant to dismiss the complaint and, later a motion for judgment on the pleadings. This latter motion was allowed and the judgment entered, from whence comes this appeal.

■ It appears to be plaintiff's position that, inasmuch as no answer was filed by the defendant, its motion for judgment was premature and unauthorized in view of Rule 12 (c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. On the other hand, defendant contends that its motion was proper under the same rule (b) (6). We see no occasion to elaborate on or decide the somewhat technical question presented. The record discloses that upon defendant's motion for judgment, an oral argument was had before the court, and the briefs, submitted on application for injunction, again submitted. Plaintiff raised no question at that time as to the now alleged improper procedure and made no mention of it in its points designated to be relied upon in this court. The court was fully advised as to the contentions of the respective parties, and it is difficult to perceive that an answer by the defendant would have added anything thereto. Furthermore, there is no contention that plaintiff was prejudiced by what it now alleges was the unauthorized procedure. At the most, a harmless error was committed which has no bearing upon the validity of the judgment.

The decision of the District Court is therefore, affirmed.