## ALBERT·DICKINSON CO. v. MELLOS PEANUT CO. OF ILLINOIS, Inc.

### No. 47 C 1618.

United States District Court
N. D. Illinois, E. D.
Jan. 7, 1949.

Rogers & Woodson, of Chicago, Ill., for plaintiff.

Conners, Eckert & Limperis, of Chicago, Ill., for defendant.

## LA BUY, District Judge.

The complaint herein alleges plaintiff prepares and sells popcorn for human consumption, that on May 26, 1931, it registered in the United States Patent Office its trademark Big Buster, No. 283,322; that said trademark when adopted was new, fanciful and arbitrary and never before used by any other concern on any goods of substantially the same properties; that plaintiff's sales have been extensive and large sums were spent in advertising the trademarked product; that the trademark Big Buster is distinctive of the plaintiff's goods and has become identified by the trade and public as plaintiff's product and plaintiff's product only. The complaint further alleges that defendant is engaged in the distribution and sale of popcorn which during the last few months have been distributed and sold under the name Block Buster; that such use was begun long after plaintiff's mark Big Buster became well and favorably known to the public; that the name Block Buster is a colorable imitation and infringement of the plaintiff's mark Big Buster and is likely to be passed off for plaintiff's Big Buster popcorn; that plaintiff is informed that defendant adopted its name with full knowledge of the extensive use of plaintiff's mark and its acceptance by the public as being distinctive of plaintiff's product; that the adoption of the name Block Buster was for the purpose of trading upon plaintiff's good will and reputation and defend-

ant has refused to discontinue its use of the name; that the acts of defendant are likely to result in fraud and deception upon the public and defendant should be enjoined from using the name Block Buster or any other colorable imitation.

Defendant's answer denies that plaintiff's mark when adopted was new, fanciful and arbitrary, denies that it has become distinctive of plaintiff's product, denies defendant's mark is a colorable imitation of plaintiff's, denies defendant's product is likely to be passed off as plaintiff's product, denies it adopted its mark with full knowledge of plaintiff's established good will and extensive use; denies it was adopted for the purpose of trading on plaintiff's reputation and good will, and denies that defendant's use is likely to result in fraud and deception to the public. The answer admits the other allegations of the complaint or declares defendant is without knowledge as to the truth thereof. As an affirmative defense it is alleged the trademark Block Buster was registered in the United States Patent Office on January 18, 1944.

Defendant has filed a motion for summary judgment based upon Exhibit A, being an example of defendant's product as sold in burlap bags bearing the mark Block Buster and its trademark registration; Exhibit B, being an example of the plaintiff's product as sold in burlap bags bearing the mark Big Buster; Exhibit C, being the deposition of Lloyd M. Brown, president of plaintiff, Albert Dickinson Company; Exhibit D, being a report of a search in the United States Patent Office records of the trademark "Buster"; Exhibit E, being an example of plaintiff's product bearing the mark Little Buster. Two other examples were submitted, one by plaintiff as its Exhibit A, attached to its reply brief, showing a paper carton distributed by defendant bearing the mark Block Buster, and, at the court's request, an example of a paper carton distributed by plaintiff bearing the mark Big Buster.

Under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A., motion for summary judgment is confined to a consideration of facts which are not disputed or the dispute of which raises no genuine is-

sue of material fact. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967. The question here presented is, therefore, whether from the evidence submitted on the issues if produced at trial would justify submitting the case to a jury or whether the moving party would be entitled to a judgment as a matter of law.

Adjudication of trademark infringement should be made only when the mark charged to infringe is so strikingly similar that on its face it is calculated to result in confusion. Rytex Co. v. Ryan, 7 Cir., 1942, 126 F.2d 952, as modified in Barbasol Co. v. Jacobs, 7 Cir., 1947, 160 F. 2d 336. It is the generally accepted rule that a symbol is confusingly similar to another trademark if an ordinary prospective purchaser, exercising due care in the circumstances is likely to regard it as coming from the same source as the trademarked article. The test to be applied, therefore, is whether the labels are likely to deceive a purchaser exercising ordinary prudence and not whether it would deceive a careless buyer who makes no examination. Victor-American Fuel Co. v. Huerfano Agency Co., D.C.Colo.1926, 15 F.2d 578 affirmed 8 Cir., 1927, 23 F.2d 74.

The alleged infringement complained of is the defendant's use of the phrase Block Buster in the sale of raw popcorn in burlap bags and the sale of popped corn in paper cartons. There is no question but that the product of both parties are in competition with each other with the possible exception of defendant's sale of popped corn in paper cartons. However, the fact of competition has been considerably broadened in trademark cases and the issue hinges principally on the possibility of confusion as to source.

Defendant's Exhibit A is a photostat of defendant's product as sold in 100 lbs. net weight burlap bags. It bears the name Mellos' in broad heavy type across the top, then follows a picture of a popping ear of corn, and ends in the same heavy type as Mellos' with the word Popcorn. The infringing words appear around the picture of the popping ear of corn, the word Block to the left in broken print and ragged alignment and the word Buster to the right in the same print and alignment.

Defendant's Exhibit B is a photostat of plaintiff's product as sold in 100 lbs. net weight burlap bags. It bears the mark Big Buster in large even print across the top, then follows smaller print with the word Brand, the words Large Yellow, the word Popcorn, and then follows a picture of a bandsman beating a drum, with plaintiff's name appearing at the bottom of the sack.

Plaintiff's Exhibit A is the product of defendant as sold in paper cartons. This exhibit, and plaintiff emphasizes this feature, presents the mark Block Buster in semi-circle fashion at the top, the word popcorn in larger print beneath followed by a popping ear of red corn on a blue field. This carton is dressed in narrow red and white stripes and the printed words are in blue.

Plaintiff's paper carton of equal size presents the words Big Buster in semi-circle fashion at the top with the words Brand, South American following, then a picture of a bandsman beating a drum, and at the bottom of the carton the words Yellow Popcorn. The dress of the carton is upper one-half white and lower one-half blue with the words Big Buster in red, the words Brand, South American in blue, and the words Yellow Popcorn in white against the lower one-half blue field. The bandsman is attired in red and the drum is grey.

The Patent Office search discloses that the trademark "Buster" is used by many concerns, but only the plaintiff and defendant use it to identify popcorn.

The deposition of Lloyd M. Brown, President of plaintiff corporation, discloses the trademark Big Buster applies to popcorn in its raw natural state; that its gross sales are in excess of four and one-half million dollars; that over $50,000 was used to advertise the Big Buster brand; that the name is also used on paper cartons that contain raw popcorn, and also paper cartons are sold bearing the Little Buster mark; that by virtue of thirty-five years experience in contacting the trade he believed there was a likelihood of confusion or mistake in the minds of purchasers between the plaintiff's trademark and defend-

ant's mark. This latter statement was not based upon any actual knowledge of the existence of any confusion.

 Placing the products of each side by side and by visual comparison, having in mind the effect which would be produced in the mind of the ordinary purchaser exercising due care and caution, the court is of the opinion there is little, if any, likelihood such a purchaser would be misled or deceived into accepting the Block Buster product of defendant as and for the Big Buster product of the plaintiff.

This court is cognizant of the inherent reluctance of judges to dispose of matters without a trial on the merits. As was so aptly stated by the Circuit Court of Appeals in Avrick v. Rockmont Envelope Co., 10 Cir., 1946, 155 F.2d 568, 573, in reversing (D.C., 64 F.Supp. 765) the granting of summary judgment motion in a trademark and unfair competition case: "An expeditious disposition of cases is a cardinal virtue of the administration of justice, but it is not more important than one's fundamental right to his full day in court. In cases of this kind where no single factor controls the equation, and the court is necessarily required to resolve the question of alleged intent in arriving at its judgment, we are of the opinion that justice can best be served by a trial of the question on its merits." This court is also conscious of the purpose of Rule 56 to expedite disposition where no substantial controversy exists as to the facts or where such controversy is based on facts which raise no material issue to warrant a submission of them for determination by a jury.

In actions involving infringement of trademarks, fraudulent intent to deceive is presumed from infringement, but in cases of unfair competition complainant must prove such intent or show facts from which it may reasonably be inferred. Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co., 1942, 316 U.S. 203, 62 S. Ct. 1022, 86 L.Ed. 1381. So, where the trademark alleged to be infringed is held not infringed, as in the instant case, relief can be granted against unfair competition only where circumstances are made out as

will show wrongful intent in fact or justify that inference from the inevitable consequence of the act complained of. Elgin National Watch Co. v. Illinois Watch Case Co., 1901, 179 U.S. 665, 21 S.Ct. 270, 45 L. Ed. 365.

The present complaint alleges unfair competition including trademark infringement. The allegation of the complaint as to unfair competition is based only upon the test of likelihood of "confusion of goods" and no actual confusion or other acts of defendant are stated to support the charge. The unfair competition charge arises from the identical and sole fact supporting the charge of infringement, that is, the adoption of an alleged colorable imitation of plaintiff's trademark. Necessarily the question of intention in the charge of unfair competition is resolved when the only fact upon which it is based has been found not to exist.

For the above and foregoing reasons the court grants defendant's motion for summary judgment. Counsel should present an appropriate order within five days from date hereof.