**COLBURN v. PURITAN MILLS, Inc.**

**No. 6957.**

Circuit Court of Appeals, Seventh Circuit.

Dec. 7, 1939.

Albert J. Fihe, of Chicago, Ill., for appellant.

Samuel E. Hirsch, W. Bartlett Jones, and Julian H. Levi, all of Chicago, Ill., for appellees.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

The District Court dismissed, for want of equity, plaintiff's suit which charged infringement of her registered trade-mark "Py Do" by defendant's trade name "Py-O-My." Both are used to describe prepared dough used in making pies.

Plaintiff obtained her trade-mark in 1926, and alleges extensive interstate use of her product; that the public has come to associate the product with her trade-mark "Py Do," a facsimile of which is herewith reproduced:

Plaintiff first sold her product in tin containers, the lid of which carried the trade-marked words. She also sold her product in a cellophane bag on which the trade-marked name appears, but in different form and type, as follows:

PY-DO

Defendant's label is also herewith reproduced:[1]

# PY-O-MY

It was conceded at the argument that there was no unfair competition so far as the appearance of the respective packages is concerned.

Plaintiff began marketing her product in 1925 and soon was selling five to seven thousand pounds of pie dough a day, but because of some misfortune, not material here to relate, she lost most of that business. Defendant first came on the market in 1937. Defendant sold some seventeen thousand cases of its pie dough mixture (each case contained about twelve pounds of product). Its assignee sold about eleven hundred cases from August to December, 1938.

Plaintiff alleged that because of the similarity in names of the respective products, the public was confounded and deceived into purchasing defendant's product, when they intended to buy hers, to her great damage. Defendant denies intent to deceive, denies confusion of the respective products, and denies damage to plaintiff.

The District Court, with admirable brevity, completely and squarely met and disposed of the controlling issues when it said:

"The trade-mark 'Py-O-My' and the trade-mark 'Py-Do' are not confusingly similar. The trade-mark 'Py-O-My' is a three syllable combination and the trade-mark 'Py-Do' is a two syllable combination. The trade-mark 'Py-Do' is descriptive; the trade-mark 'Py-O-My' is not; the trade-mark 'Py-O-My' is fanciful."

Plaintiff relies heavily on our opinion in Nu-Enamel Corp. v. Armstrong Paint & Varnish Works, 7 Cir., 95 F.2d 448. But in trade-mark cases, even more than in other litigation, precedent must be studied in the light of the facts of the particular case.

The ascertainment of probability of confusion because of similarity of trade names presents a problem not solvable by a precise rule or measure. Rather is it a matter of varying human reactions to situations incapable of exact appraisement. We are to determine, as was the District Judge, the purchasing public's state of mind when confronted by somewhat similar trade names singly presented. Is the similarity of name or dress such as to delude the public or will the prospective buyer readily differentiate between the two names? We can only contemplate, speculate, and weigh the probabilities of deception arising from the similarities and conclude as our, and the District Judge's, reactions persuade us.

While willing to protect, by injunctive relief, any valid trade-mark against invasion by a competitor, courts cannot, and will not, permit the holder of such a valid trade name (particularly when, as here, it is descriptive) to extend the rights which arise therefrom to drive a competitor from a field legitimately open to him or to any one else. Making pie dough is a widely practiced art. It is open to anyone and common observation records that some who labor in the field are artists while others are far from it. But all have the privilege of trying their skill. Giving plaintiff the trade-mark "Py-Do" did not convey to her the monopoly of making dough for pies. The trade-mark gave her protection against the efforts of competitors to sell their goods as hers, by using her trade-mark or one deceivingly similar to it. To prevent such a result courts will readily act. Further, and to prevent competition in dough making they will not go.

Upon the facts before us, we are persuaded that defendants' use of their trade-name was not deceptive, did not confuse prospective buyers, did not infringe plaintiff's trade-mark.

The decree is affirmed.

---

[1] [Ed. Note.—letter "O" in label is shown in red.]