**ALBERT DICKINSON CO. v. MELLOS PEANUT CO. OF ILLINOIS.**

No. 9847.

United States Court of Appeals
Seventh Circuit.

Jan. 12, 1950.

William T. Woodson, Beverly W. Pattishall, Lewis S. Garner, Chicago, Ill., for appellant.

Robert V. Conners, C. W. Eckert, Nicholas S. Limperis, Chicago, Ill., for appellee.

Before KERNER, DUFFY and FINNEGAN, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff brought this action claiming that defendant's trade-mark "Block Buster," infringes plaintiff's trade-mark, "Big Buster," and that defendant competed unfairly with plaintiff. On defendant's motion, the court granted a summary judgment in favor of the defendant, from which plaintiff appeals.

Plaintiff's verified complaint alleged, "Defendant's aforesaid product bearing the name Block Buster is likely to be passed off as and for plaintiff's Big Buster popcorn," and that the name, "Block Buster," is a colorable imitation of plaintiff's trademark, "Big Buster." Among other allegations of the complaint were that plaintiff's predecessor, on December 8, 1930, adopted the trade-mark, "Big Buster," to identify and distinguish its popcorn, and registered it on May 26, 1931, under the Trade-Mark Act of 1905; that sales of plaintiff's product bearing plaintiff's trade-mark "Big Buster," have been extensive throughout

the United States and in several foreign countries; that plaintiff has spent large sums in advertising its product sold under its trade-mark; that the name, "Big Buster," means and is understood to mean plaintiff's product to the trade and to the public; that defendant recently adopted the name, "Block Buster," in connection with the sale of its popcorn, and did so with the full knowledge of plaintiff's extensive use of its trade-mark, "Big Buster," and did so for the purpose of trading upon and taking advantage of the reputation and good will of plaintiff's trade-mark, "Big Buster."

Defendant filed a verified answer alleging that its predecessor on January 18, 1944, adopted the name "Block Buster," for use on its popcorn, and registered this trade-mark on October 23, 1945, under the Trade-Mark Act of 1905 [15 U.S.C.A. § 1051 et seq.]. In its answer defendant makes the following specific denials: that plaintiff's trade-mark has become and is now distinctive of plaintiff's goods; that "Block Buster" is a colorable imitation and infringement of plaintiff's trade-mark, "Big Buster"; that defendant's product bearing the name, "Block Buster," is likely to be passed off as and for plaintiff's "Big Buster" popcorn; that it adopted the name, "Block Buster," as a trade-mark with the knowledge of plaintiff's extensive use of its trade-mark, "Big Buster"; that the use by the defendant of the name "Block Buster," was for the purpose of trading upon and taking advantage of the reputation and good will of plaintiff's trade-mark, "Big Buster"; and that the acts of defendant are likely to result in fraud and deception upon the public.

■ It will be noted that the pleadings present a number of genuine issues of material facts. Of course the allegations of fact in the pleadings may be pierced by proceedings for a summary judgment under Rule 56, Federal Rules Civil Procedure, 28 U.S.C.A. Engl v. Aetna Life Ins. Co. 2 Cir., 139 F.2d 469, 472; Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co., 6 Cir., 137 F.2d 871, 877; New York Life Ins Co. v. Cooper, et al., 10 Cir., 167 F.2d 651, 655; 3 Moore's Federal Practice 3175.

Here, when defendant moved for summary judgment, it presented the affidavit of one Mellos, president of the defendant company, which referred to certain exhibits, one of which was the deposition of Lloyd M. Brown, president of the plaintiff company. This deposition was not taken for use in this action, but had been taken by the plaintiff for use in a cancellation proceeding in the Patent Office. Plaintiff objected to its use in this proceeding.

Other exhibits presented by defendant were labels showing the defendant's use of its mark, "Block Buster," and plaintiff's use of its mark, "Big Buster," on 100 lb. burlap sacks; also the use of another mark, "Little Buster," by plaintiff on paper cartons. In his affidavit the president of the defendant company stated that a search revealed the term, "Buster," had been registered over two dozen times for various products, and he produced a list of such registrations. Twelve of said registrations used the term, "Buster Brown," and only one other used the word, "Buster," as the second word of the mark, this being, "Gang Buster," referring to candy. Plaintiff presented one exhibit showing defendant's use of its mark on the label of a paper carton, but although afforded an opportunity to do so, plaintiff did not present any affidavits.

The district court relied chiefly on a side by side visual comparison, stating: "Placing the products of each side by side and by visual comparison having in mind the effect which would be produced in the mind of the ordinary purchaser exercising due care and caution, the court is of the opinion there is little, if any, likelihood such a purchaser would be misled or deceived into accepting the Block Buster product of defendant as and for the Big Buster product of the plaintiff." [81 F.Supp. 626, 629]. The district court dismissed from further consideration the allegation of unfair competition in the complaint, holding that it was based on the charge of colorable imitation of plaintiff's trade-mark, which the court found did not exist.

Defendant strongly relies on plaintiff's failure to file a counter-affidavit under provisions of Rule 56(c), F.R.C.P., and cites

such cases as Gifford v. Travelers Protective Assn of America, 9 Cir., 153 F.2d 209; Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co., supra; Allen et al. v. Radio Corp. of America, D.C., 47 F.Supp. 244. In the latter case the court stated that in the absence of counter-affidavits by plaintiff he accepted as true the statements in defendant's affidavit. There is also authority for the rule that the sufficiency of the allegations of a complaint do not ordinarily determine a motion for summary judgment. Lindsey v. Leavy, 9 Cir., 149 F.2d 899.

■ Under federal court practice, as a general rule pleadings need not be verified. Rule 11, F.R.C.P. Experience demonstrates that verifying complaints is not the usual practice. However, in the case at bar the complaint and the answer each were verified.

Rule 56(a) and (b) provides that either the claimant or the defending party may move with or without supporting affidavits for a summary judgment in his favor. Rule 56(c) provides: " * * * The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Despite the rule providing that the pleadings shall be considered, the defendant stoutly insists that plaintiff verified complaint be disregarded, and the allegations and statements of the defendant's affidavit be accepted as established and correct.

It is undoubtedly a somewhat hazardous course of procedure on a motion for summary judgment for the adverse party not to file an answering or opposing affidavit, where the moving party has filed an affidavit in support of his motion. However, we do not think an inflexible rule should be established that in every case the adverse party be penalized right out of court for not filing an opposing affidavit, especially where such party has already veri-

fied, under oath, many of the important allegations and statements of fact which would be included in such an affidavit. Moreover, Rule 56(c) states, "The adverse party * * * may serve opposing affidavits." This provision contemplates that answering affidavits will not be used in every case.

Illustrative of authorities holding that failure to file an opposing affidavit is not the determining factor are Griffith v. William Penn Broadcasting Co., D.C., 4 F.R. D. 475, at page 477, where the court said: "Defendant's failure to file a counter-affidavit to support its opposition to the motions is of no significance. * * * The burden rests upon plaintiff, the moving party, to establish the non-existence of a genuine issue of fact. * * *" Also, in United States v. Newbury Mfg. Co. et al., D.C., 1 F.R.D. 718, at page 719, the court said: " * * * The plaintiff has filed no counter affidavits by any prospective witness. This omission, however, does not entitle the defendant to a summary judgment if there is an issue of material fact to be tried. * * *" In support of its statement therein, the court cited Kent v. Hanlin, D.C., 35 F.Supp. 836; Whitaker v. Coleman, 5 Cir., 115 F.2d 305; and Merchants Distilling Corp. v. American Beverage Corp., D.C., 33 F.Supp. 304.

Rule 56(e), F.R.C.P., provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * *"

In Walling v. Fairmount Creamery Co., 8 Cir., 139 F.2d 318, at page 322, the court said: " * * * On a motion for a summary judgment the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party, all doubts are resolved against him, and his supporting affidavits and depositions, if any, are carefully scrutinized by the court. * * *"

Scrutinizing the affidavit of defendant's president, while keeping in mind the provisions of Rule 56(e) hereinbefore quoted, it is obvious that only Paragraphs 9 and 10

of the affidavit are directed toward the real issues in the case at bar. Paragraphs 1 to 6 constitute a restatement of the facts admitted, and an admission that plaintiff's mark has a good will value in plaintiff's business. Paragraph 7 pertains to a point of law, and Paragraph 8 describes how "Block Buster" was conceived. Paragraph 11 refers to plaintiff's registration of another mark, "Little Buster"; Paragraph 12 refers to a private search report of trademark registration; and in the last paragraph, No. 13, affiant gives his opinion that there is no genuine issue of fact, and that defendant is entitled to judgment as a matter of law.

Do Paragraphs 9 and 10 give the court any additional information to that already before it in the complaint and answer? Paragraph 9 denies that defendant's mark colorably imitates or infringes plaintiff's mark, and states it was not adopted with "any knowledge of the extent of the use of plaintiff's mark." And Paragraph 10 denies that there is any confusion or likelihood of confusion. However, Paragraph 17 of the complaint and answer allege and deny, respectively, that "Block Buster" is a colorable imitation and infringement of plaintiff's "Big Buster." Paragraph 20 of the complaint and answer allege and deny, respectively, that defendant's adoption and use of "Block Buster" is for the purpose of taking advantage of plaintiff's reputation and good will in its trade-mark, "Big Buster." Hence, except possibly for three items, the affidavit added nothing to prove or establish the correctness of the allegations and denials in the answer. One was affiant's statement giving the result of a private search for previous registrations of the term, "Buster." In the form presented the evidence suggested therein would have been inadmissible. The second item was the deposition of Brown, president of the plaintiff, which was taken in another proceeding. Assuming that parts of it might have been used as admissions against interest, plaintiff would then have been entitled to introduce the balance of the relatively short deposition in order to show the context from which the statements were taken. As a whole the deposition was strongly favorable to plaintiff's contentions. The third item is that the court was afforded the opportunity to make a visual comparison side by side of the two trademarks. This point will be discussed later.

We are of the opinion that defendant's contention as to the effect of its filing an affidavit cannot be sustained, and we will therefore now consider the issues on the merits. Of course, we are not called upon to decide any issue of fact here presented, but only to ascertain whether any genuine issue of material fact exists.

Although Rule 56, F.R.C.P., may be used many times as a worth-while time-saving device, it should be cautiously invoked. Associated Press et al. v. United States, 326 U.S. 1, 65 S.Ct. 1416, 89 L.Ed. 2013; Preston v. Aetna Life Insurance Co., 7 Cir, 174 F.2d 10, 14.

Plaintiff herein was in the field with its mark, "Big Buster," applied to popcorn, for many years prior to defendant's use of its mark, "Block Buster." Plaintiff alleges that defendant adopted the name, "Block Buster," with the full knowledge of plaintiff's extensive use of the name, "Big Buster." In fact, all that defendant has denied in its answer and affidavit is that it had any knowledge of the extent of the use of plaintiff's mark. Plaintiff asked for its day in court to sustain by proof its allegation of the likelihood of confusion. The ultimate determination of the likelihood of consumer confusion as to source has been held to be a question of fact. Coca-Cola Co. v. Snow Crest Beverages, Inc., 1 Cir., 162 F.2d 280, 283; William R. Warner & Co., v. Eli Lilly & Co., 265 U. S. 526, 529, 44 S.Ct. 615, 68 L.Ed. 1161; Skinner Mfg. Co. v. Kellogg Sales Co., 8 Cir., 143 F.2d 895, 899. However, in La-Touraine Coffee Co. v. Lorraine Coffee Co., Inc., 2 Cir., 157 F.2d 115, 117, it was held this ultimate question is reviewable on appeal.

On the showing made the court was not justified in granting summary judgment on a basis of a side by side visual comparison and the effect thereof upon the mind of the ordinary purchaser exercising due care and caution. This court said in

Colburn v. Puritan Mills, Inc., 108 F.2d 377, 378: "* * * We are to determine * * * the purchasing public's state of mind when confronted by somewhat similar trade names singly presented. * * *" In Restatement of the Law of Torts, Vol. III, Sec. 728 (p. 591), it is stated: "The similarity between a designation and a trade-mark or trade name which it is alleged to infringe is not determined by comparing the two in juxtaposition only. Since it is the effect upon prospective purchasers that is important, the conditions under which they act must be considered. Purchasers do not always see the goods in juxtaposition. They rely upon memory and vague impressions. * * *" In Lactona, Inc. v. Lever Bros. Co., 144 F.2d 891, at page 893, 32 C.C.P.A., Patents, 704, the court said: "It is true that by side-by-side comparison one can easily distinguish between the marks in question. However, such comparison is not the test for determining confusing similarity of trademarks." In Northam Warren Corp. v. Universal Cosmetic Co., 18 F.2d 774, at page 775, this court, in commenting on whether there was infringement of a trademark, said: "* * * but it is sufficient if one adopts a trade-name or a trade-mark so like another in form, spelling, or sound that one, with a not very definite or clear recollection as to the real trade-mark, is likely to become confused or misled."

The district court will be in much better position to determine the question of likelihood of consumer confusion as to source when it has before it on trial the testimony of the ordinary and usual purchasers of popcorn and the evidence presented as to the manner and conditions under which popcorn is sold by both plaintiff and defendant.

This case illustrates the force of the recent statement made by the Court of Appeals for the Second Circuit in Marcus Breier Sons, Inc., v. Marvlo Fabrics, Inc., 173 F.2d 29, wherein it was stated: "* * * Disputes between parties as to trade-mark validity and infringement can rarely be determined satisfactorily on a motion for summary judgment. * * *"

The judgment is reversed, and the cause is remanded to the district court, with instructions to take further proceedings consistent herewith.