**SEALY, INCORPORATED**

v.

**SERTA ASSOCIATES, Inc., et al.**

**No. 54 C 88.**

United States District Court
N. D. Illinois, E. D.
July 11, 1955.

Wilkinson, Huxley, Byron & Hume, Chicago, Ill., for plaintiff.

Thiess, Olson, Mecklenburger, von Holst & Coltman, Chicago, Ill., for defendant.

LA BUY, District Judge.

The above action is brought under the trade mark laws of the United States for infringement of the plaintiff's registered trade mark, 15 U.S.C.A. § 1114, and for unfair competition in trade. It is alleged that plaintiff, directly and through its predecessors and licensees, has since 1881 been engaged in the manufacture, sale and distribution of a variety of sleeping equipment products including mattresses, springs, sofas,

chairs, lounges, and the like; that all of its products are identified by its trade mark "Sealy" and several types of mattresses and box springs manufactured and sold by the plaintiff are identified by its trade mark "Posturepedic" which was registered in the United States Patent Office on January 13, 1953; that extensive sums have been spent by the plaintiff in advertising its sleep equipment bearing said trade marks; that defendants are advertising, distributing and selling sleep equipment, particularly mattresses and box springs under the confusingly similar trade marks "Posture-Ease" and "Sertapedic"; that defendants have closely copied plaintiff's distinctive advertisements and infringe upon plaintiff's advertisements, individually and collectively, in the following enumerated features:

(1) Prominent display of infringing trade mark "Posture-Ease" and the infringing trade mark "Sertapedic" used in connection with firm type mattresses;

(2) Prominent reference to stopping backaches due to sleeping on soft mattresses;

(3) Picture comparison of back bone position when sleeping on a soft mattress and when sleeping on defendants' firm type mattress identified by the infringing term "Sertapedic";

(4) Prominent display of the upper half of a bare backed girl;

(5) Prominent display of a portion of a mattress and supporting box spring in perspective;

(6) Prominent illustration of a doctor and reference to doctors in connection with the design of defendants' firm type mattresses.

In addition it is alleged plaintiff is the only manufacturer of a firm type mattress and box spring which is extensively advertised and sold for the retail price of $79.50; that defendants

"willfully and unlawfully compete with plaintiff by advertising firm type mattresses bearing prominent notation to the effect that it is not necessary to pay $79.50 for an extra firm mattress and by prominently advertising that defendants' firm type mattress is 'now only' $39.75. Defendants unlawfully misrepresent that defendants' mattresses are the same as plaintiff's mattress selling for $79.50, at a reduced price, when in fact defendants have never sold firm type mattresses for the retail price of $79.50; * * *".

that the defendants have conspired to infringe the plaintiff's trade mark Posturepedic by advertising, offering for sale and selling sleep equipment, particularly mattresses, bearing the confusingly similar trade mark "Posture-Ease" and the confusingly similar trade mark "Sertapedic" and by copying plaintiff's distinctive advertisements with only colorable changes and thereby deliberately deceiving and misleading purchasers into the belief that defendants' products are in fact the plaintiff's product.

The defendant, Serta Associates, has filed its answer and counterclaim, to which plaintiff has filed a reply. Defendant Serta admits that it has advertised, distributed and sold mattresses and box springs under the trade mark "Posture-Ease" and "Sertapedic"; deny infringement; aver that the word Posture as a prefix and the word or syllables "pedic" as a suffix are in the public domain and are used by divers and other makers and sellers of mattresses and box springs; that the defendant has used the trade mark Sertapedic or Sertopedic since a date prior to the first use by plaintiff of its trade mark Posturepedic; that the first use by defendant of all or some of the elements in combination in its advertising antedates the use in combination by the plaintiff; deny other averments of the complaint.

Plaintiff has moved for a summary judgment and the defendant submits said motion should be denied and in its brief moves for a summary judgment in its favor.

The record on these motions for summary judgment consists of (1) Deposi-

tion and affidavit of Charles Francis Pearce, Jr., vice-president and general manager of defendant; (2) Deposition and affidavit of James Roger Lawrence, executive vice-president of plaintiff, to which affidavit defendant has interposed objections; (3) Affidavit of Alfred Golden, vice-president and general manage of the defendant; (4) Affidavits of Earl H. Bergmann, plaintiff's President, and Clifford B. McGillivray, plaintiff's sales manager of plaintiff's Chicago licensee, to which defendants have directed motions to strike; and (5) Exhibits submitted in connection with the depositions of Lawrence and Pearce being binders containing advertising material used by both litigants.

In brief, therefore, the issues presented by the pleadings concern (1) alleged infringement of the plaintiff's registered trade mark, described by the plaintiff as a composite trade mark consisting of the word "Posturepedic" plus a bareback design, by the defendants use of an unregistered mark using the composite features of the word "Posture-Ease" plus a bareback design, both affixed to goods of the same descriptive qualities; (2) alleged unfair competition by defendants in (a) imitating plaintiff's distinctive composite advertisements or the plaintiff's ensemble of advertising features, which also constitute acts directly involving plaintiff's registered trade mark and (b) the defendants' representations designed to give the impression that defendants' mattresses are the same as plaintiff's mattresses selling for double the amount.

The essence of the wrong in the case of infringement and also in the case of unfair competition consists in the misleading sale of the goods of one person as those of another, thereby misleading the public and injuring the business of the other. A trade mark is but a part of the broader law of unfair competition, the general purpose of which is to prevent one person from passing off his goods or his business as the goods of another. In both the fields of trade mark and unfair competition there need be no evidence that the buying public was actually confused, but confusion and deception must be the natural and probable result of the alleged resemblance. In the words of the statute, it is sufficient if it is "likely to cause confusion or mistake or to deceive purchasers as to the source of the origin of such goods."

In Albert Dickinson Co. v. Mellos Peanut Co., 7 Cir., 1950, 179 F.2d 265, 270, our Court of Appeals, in reversing the granting of a motion for summary judgment in a trade mark case, said as follows:

"The district court will be in much better position to determine the question of likelihood of consumer confusion as to source when it has before it on trial the testimony of the ordinary and usual purchasers of popcorn and the evidence presented as to the manner and conditions under which popcorn is sold by both plaintiff and defendant.

"This case illustrates the force of the recent statement made by the Court of Appeals for the Second Circuit in Marcus Breier Sons, Inc. v. Marvlo Fabrics, Inc., 173 F.2d 29, wherein it was stated: ' * * * Disputes between parties as to trade-mark validity and infringement can rarely be determined satisfactorily on a motion for summary judgment. * * * ' "

Whether defendants' mark as used constituted infringement is dependent upon substantially the same proof as is required to support the charge of unfair competition. The court is of the opinion the motions for summary judgment must be overruled. The question of prior use of the ensemble or parts thereof both in advertising and in the trade mark is also a question of fact which should be considered in connection with all of the facts of the case.

An order has this day been entered overruling the cross-motions for summary judgment.