G. D. SEARLE & CO., Plaintiff-
Appellant,

v.

CHAS. PFIZER & CO., Inc.,
Defendant-Appellee.

No. 11460.

United States Court of Appeals
Seventh Circuit.

March 20, 1956.

William T. Woodson, Stuart S. Ball, Beverly W. Pattishall, Lewis S. Garner, Chicago, Ill., Woodson, Pattishall, & Garner, Sidley, Austin, Burgess & Smith, Chicago, Ill., of counsel, for appellant.

William J. Marshall, Jr., Chicago, Ill., Arthur G. Connolly, Thomas Cooch, W. H. Hutz, Wilmington, Del., Haight, Goldstein & Haight, Chicago, Ill., Connolly, Cooch & Bove, Wilmington, Del., of counsel, for appellee.

Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

This is an appeal from a summary judgment in favor of the defendant in an action for trade-mark infringement and unfair competition. The trademarks involved are Dramamine used by plaintiff, and Bonamine used by defendant. Both are used as preventives or remedies for motion sickness.

Plaintiff adopted the trademark "Dramamine" in 1948. It expended more than $2,000,000 in advertising and promoting "Dramamine" as a motion sickness preventive and remedy. At the time of the filing of this suit, sales of this item had exceeded $10,000,000.

Plaintiff registered its trademark "Dramamine" in the United States Patent Office in 1950.

Defendant adopted and began the use of the trademark "Bonamine" in August, 1953. It claims to have expended $700,000 in sales promotion, and that total sales of "Bonamine" had exceeded $900,000 by September 8, 1954. This action was filed December 16, 1953.

■ The summary judgment herein was proper only if the pleadings, depositions and admissions on file, together with the affidavits, showed there was no genuine issue as to any material fact. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. Albert Dickinson Co. v. Mellos Peanut Co., 7 Cir., 179 F.2d 265.

■ To sustain an action for trademark infringement and unfair competition " * * * it is not necessary to show actual cases of confusion since the test under the statute, 15 U.S.C.A. § 1114(1), is likelihood of such confusion." Independent Nail & Packing Co., Inc., v. Stronghold Screw Products, Inc., 7 Cir., 205 F.2d 921, 925; Keller Products, Inc., v. Rubber Linings Corp., 7 Cir., 213 F.2d 382, 386.

Plaintiff filed affidavits of thirteen physicians, twelve pharmacists, four airline hostesses and three members of the public, dealing with the question of likelihood of confusion between Dramamine and Bonamine. On this point, defendant filed two affidavits each by Thomas G. Bradley, its Director of Sales and Promotion.

The first Bradley affidavit, dated May 13, 1954, detailed the steps taken by the defendant in introducing Bonamine to the trade and explained its chemical ingredients. On the question of likelihood of confusion the affidavit stated:

> "Although any and all instances of confusion between Bonamine and any other pharmaceutical product coming to the attention of Pfizer's salesmen throughout the country should be reported to me, I have not received a single report of this na-

ture to date. This confirms my conviction that there is no reasonable likelihood of confusion, mistake or deception between the products Dramamine and Bonamine."

In the second affidavit, filed September 28, 1954, affiant makes this further statement:

"* * * Pfizer salesmen throughout the country have been under instructions to report any instances of confusion between the products Bonamine and Dramamine. Despite the increased sales of Bonamine, I have not received a single report of this nature to date."

Rule 56(e), Federal Rules of Civil Procedure, 28 U.S.C.A. provides that affidavits may be filed in support of and in opposition to a motion for summary judgment, and in mandatory terms prescribes as follows:

"(e) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * *"

■ The statements above quoted made in the affidavits of the defendant's Director of Sales and Promotion constitute defendant's showing as to likelihood of confusion between the products Bonamine and Dramamine. Such showing constitutes merely expressions of affiant's opinion and his legal conclusion.

Under Rule 56(e), such expressions are totally ineffectual, and are not to be given any consideration or weight whatsoever. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627–628, 64 S.Ct. 724, 88 L.Ed. 967; Jameson v. Jameson, 85 U.S.App.D.C. 176, 176 F.2d 58, 60; United States v. Britten, 3 Cir., 161 F. 2d 921, 928; Subin v. Goldsmith, 2 Cir., 224 F.2d 753, 756–758; Williams v. Kolb, 79 U.S.App.D.C. 253, 145 F.2d 344; State of Washington v. Maricopa County, 9 Cir., 143 F.2d 871, 872; Walling v. Fairmount Creamery Co., 8 Cir., 139 F. 2d 318, 323; F.A.R. Liquidating Corp.

v. Brownell, 3 Cir., 209 F.2d 375, 379–380. Affidavits which are inadequate under Rule 56(e) must be disregarded. Automatic Radio Manufacturing Co., Inc., v. Hazeltine Research, Inc., 339 U. S. 827, 831, 70 S.Ct. 894, 94 L.Ed. 1312.

Since the portions of the Bradley affidavits dealing with likelihood of confusion between Dramamine and Bonamine must be disregarded, we examine the balance of the record to ascertain if there is any other basis for the summary judgment which was entered.

■■ The ultimate determination of consumer confusion is a question of fact. Albert Dickinson Co. v. Mellos Peanut Co. of Illinois, 7 Cir., 179 F.2d 265, 269; Coca-Cola Co. v. Snow Crest Beverages, Inc., 1 Cir., 162 F.2d 280, 283; Skinner Mfg. Co. v. Kellogg Sales Co., 8 Cir., 143 F.2d 895, 899; William R. Warner & Co. v. Eli Lilly & Co., 265 U.S. 526, 529, 44 S.Ct. 615, 68 L.Ed. 1161. "The ultimate question is always whether or not the public is likely to be deceived; and this is a question of fact, depending on all the attendant circumstances." Federal Glass Co. v. Loshin, 2 Cir., 224 F.2d 100, 101. All doubts as to whether there is a fact issue must be resolved against the moving party. Griffeth v. Utah Power & Light Co., 9 Cir., 226 F.2d 661, 669; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016, 1018; Weisser v. Mursam Shoe Corporation, 2 Cir., 127 F.2d 344, 346, 145 A. L.R. 467.

Plaintiff's answers to interrogatories show only that prior to March 1, 1954, cases of actual confusion had not come to the attention of officials of plaintiff, but this was prior to the survey which plaintiff conducted in August and September of that year. Furthermore, in said answers, plaintiff insisted that the likelihood of confusion did exist.

■ At the oral argument some point was made of the fact that at the time this action was commenced it was necessary to obtain a doctor's prescription for the ultimate consumer to obtain either Dramamine or Bonamine. How-

ever, proof was made that prior to the time when judgment was entered permission had been granted by the Department of Health, Education and Welfare to sell Dramamine in over-the-counter sales without prescription. Some intimation was made that Bonamine could now or soon would be available in the same manner. What the fact is may be of importance on the question of consumer confusion. However, the District Court made no findings on this point, and this is only another indication as to why the case at bar should be decided on the merits after a trial, and not disposed of by summary judgment.

The judgment of the District Court is reversed and the cause remanded.