**SCREW MACHINE TOOL COMPANY,**
**Plaintiff-Appellee,**

v.

**SLATER TOOL AND ENGINEERING CORPORATION, a Michigan corporation, et al., Defendants-Appellants.**

**No. 72-1950.**

United States Court of Appeals,
Sixth Circuit.

Argued April 16, 1973.

Decided June 15, 1973.

Don K. Harness, Detroit, Mich., for defendants-appellants; Robert L. Boynton, Harness, Dickey & Pierce, Detroit, Mich., on brief.

William R. Brashear, Livonia, Mich., for plaintiff-appellee; Brashear, Brashear & Duggan, Livonia, Mich., on brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and LAMBROS *, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court finding the appellants in contempt of a prior order entered in an unfair competition action. The appellee, Screw Machine Tool Company, brought a suit for infringement of registered trademarks and for other acts allegedly constituting unfair competition against the appellant, the Slater Tool and Engineering Corporation. As a result of that suit, a consent decree was entered on October 10, 1966, by Judge McCree which prohibited the appellants from the use of the appellee's corporate name or from using advertising which might tend to lead one to believe that the appellant was connected with the appellee's company. Judge McCree also ordered that a retraction be printed.

Subsequently, the appellants were found guilty of contempt for failing to print the retraction. And again, in 1967, in an action brought before Judge Levin, the appellants were found guilty of contempt for violating the consent decree because it had printed its name as "Slater Screw Machine Tool Company" with "Slater" on one line and "Screw Machine Tool Company" on a separate line. Although Judge Levin, in interpreting the consent decree, concluded that the use of the assumed name "Slater Screw Machine Tool Company" in and of itself did not violate the consent decree, he concluded that, in view of the previous acts of the appellants, which created the impression that the

---

* Honorable Thomas D. Lambros, United States District Judge for the Northern District of Ohio, sitting by designation.

appellant company was affiliated with the appellee, any use of "Slater Screw Machine Tool Company" or any other name which sets the words "Screw Machine Tool Company" apart violates the 1966 consent decree because placing the word "Slater" on a different line and in distinguishable type from the rest of the name is likely to cause confusion as to the source of products.

The action from which this appeal was perfected was brought by the appellee as a Motion for Contempt, alleging that the appellants had again violated the consent decree by preparing and circulating two catalogs in which the name Slater Screw Machine Tool Company appears with Slater on a separate line or in a distinct type of print from the words Screw Machine Tool Company, and by printing and distributing brochures and catalogs that are for all practical purposes exact copies of the appellee's brochures and catalogs. The District Court found that the appellants had violated the consent decree and enjoined the appellants from "in any way, manner or form using or advertising" the appellee's corporate name, Screw Machine Tool Company. The appellants have perfected this appeal from that judgment.

The appellants' first contention is that the appellee has no right to prevent anyone from copying its catalogs and brochures because none of these materials have ever been copyrighted by the appellee. While it may be true that, absent other circumstances, uncopyrighted material may be reproduced without limitation as long as purchasers using ordinary care will know whose publications and whose products they are utilizing, the appellants' actions must be judged in light of the restrictions of the consent decree of 1966. That decree restricts the appellants from the literal use of the appellee's corporate name and trademarks, from passing off or providing others with the means of passing off in any manner appellants' products as those of the appellee or as having any connection with the appellee, or from using

any marks or doing any acts or things likely to induce the belief on the part of the public that the appellants or the appellants' products are in any way connected with the appellee or with the appellee's products.

In light of these restrictions, the issue for the determination of the District Court was whether the actions of the appellants in reproducing parts of the appellee's catalogs and brochures would induce the belief that the appellant company was in any way connected with the appellee. Since the basis of an action for unfair competition is fraud (Goldwyn Pictures Corp. v. Goldwyn, 296 F. 391, 401 (2d Cir. 1924)), the material under consideration need not be the subject of a valid common law or statutory trademark or copyright. For example, in Socony-Vacuum Oil Co. v. Oil City Refiners, 136 F.2d 470 (6th Cir.), cert. denied, 320 U.S. 798, 64 S.Ct. 369, 88 L.Ed. 482 (1943), this Court held that an action for unfair competition would lie even where there was no infringement of an exclusive right in the name or symbol. Similarly, the lack of a copyright in the advertising or promotional material used by the appellee is not a defense to an action for unfair competition.

The issue, therefore, is not one of copyright infringement, but whether there would be a great likelihood of confusion from the appellants' copying and circulating the appellee's catalogs and brochures. A court must consider more than just superficial comparisons of the material involved; it should also consider the conditions and incidents which form the background of the controversy, and should look not only to the individual violations, but also to the total impression as a whole created by the brochures and catalogs. Stewart Paint Mfg. Co. v. United Hardware Distributing Co., 253 F.2d 568, 572 (8th Cir. 1958); Standard Oil Co. v. Standard Oil Co., 252 F.2d 65, 73–74 (10th Cir. 1958); Albert Dickinson Co. v. Mellos Peanut Co., 179 F.2d 265, 270 (7th Cir. 1950).

The appellee has been circulating its brochures and catalogs since about 1950,

and asserts that the trade has come to identify them with the appellee. The materials which the District Court found to be violative of the consent decree are two catalogs and a brochure, circulated by the appellants since about 1966, which are almost identical to the appellee's, employing the same serial numbers, the same illustrations and the same descriptive material. The appellants use the name "Slater Screw Machine Tool Company" in place of "Screw Machine Tool Company," but "Slater" is a close enough approximation of the appellee's trademark "Slitters" to result in a likelihood of confusion, particularly since the appellees generally use "Slitters" in script and the appellants customarily employ "Slater" in script in brochures and promotional material. In addition, the addresses of each are in the Detroit area, and each distributes its promotional material and catalogs nationally.

The District Court found that both of these catalogs were printed after the consent decree and after the interpretative order of 1967. Although there is some dispute as to when the "National Catalog" was printed, the Court's findings that the appellants could not have had this catalog printed prior to the consent decree and that the appellants' use of these catalogs was a violation of the consent decree are not clearly erroneous.

In regards to the contempt violations for printing the name "Screw Machine Tool Company" on a separate line, the appellant points out that this violation appeared on only 17 of the several hundred pages in the "Willard Catalog," and contends that the omission to correct these pages was an oversight, and that such a relatively small number of violations of the consent decree should not warrant a contempt judgment. This argument is unpersuasive for two reasons. First, of the 17 pages, only 6 are reproductions from the appellee's catalog; the rest are new pages, which indicates that the offending language could not have been the result of an unsuccessful attempt to delete this language from the appellants' publications. Secondly, the

appellants would not be relieved of responsibility regardless of the number of violations or the cause thereof because they have a positive duty to insure that the forbidden matter does not appear. Singer Mfg. Co. v. Sun Vacuum Stores, 192 F.Supp. 738, 741 (N.J.1961). The frequency of the violations is not material, nor are the good intentions of the violator. McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949); Babee-Tenda Corp. v. Scharco Mfg. Co., 156 F.Supp. 582, 587 (S.D.N.Y.1957).

We have considered the other contentions of the appellant and find them to be without merit. The judgment of the District Court is affirmed.