683 F.2d 159
 217 U.S.P.Q. 603, 1982 Copr.L.Dec. P 25,425
 SCREW MACHINE TOOL COMPANY, a Michigan Corporation, Plaintiff-Appellee,
v.
SLATER TOOL AND ENGINEERING CORPORATION, a Michigan
corporation, John Scaduto and Geraldine Scaduto,
his wife, jointly and severally,
Defendants-Appellants.
 No. 81-1252.
 United States Court of Appeals,
Sixth Circuit.
 Argued May 25, 1982.
Decided July 20, 1982.
 
 William H. Francis, Barnes, Kisselle, Raisch & Choate, Detroit, Mich., for defendants-appellants.
 Brashear, Conley & Tangora, William R. Brashear, Livonia, Mich., for plaintiff-appellee.
 Before ENGEL, Circuit Judge, PECK, Senior Circuit Judge, and SWYGERT, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Slater Tool and Engineering Corporation ("Slater") and its President, John Scaduto, appeal the order of the district court finding them in civil contempt of court for violating a 1966 Consent Decree. The Consent Decree settled a suit for trademark infringement and unfair competition brought against Slater and Scaduto by the plaintiff-appellee in this case, Screw Machine Tool Company ("Screw Machine"). This is the fourth time since 1966 that Slater has been found in contempt for violating the Consent Decree. The third finding of contempt, entered in 1972, was affirmed by this Court in Screw Machine Tool Co. v. Slater Tool & Engineering Corp., 480 F.2d 1042 (6th Cir. 1973) (per curiam). We borrow from our opinion in that case to describe the background of this appeal:
 
 
 2
 (A) consent decree was entered on October 10, 1966, by Judge McCree which prohibited the appellants from the use of the appellee's corporate name or from using advertising which might tend to lead one to believe that the appellant was connected with the appellee's company. Judge McCree also ordered that a retraction be printed.
 
 
 3
 Subsequently, the appellants were found guilty of contempt for failing to print the retraction. And again, in 1967, in an action brought before Judge Levin, the appellants were found guilty of contempt for violating the consent decree because it had printed its name as "Slater Screw Machine Tool Company" with "Slater" on one line and "Screw Machine Tool Company" on a separate line. Although Judge Levin, in interpreting the consent decree, concluded that the use of the assumed name "Slater Screw Machine Tool Company" in and of itself did not violate the consent decree, he concluded that, in view of the previous acts of the appellants, which created the impression that the appellant company was affiliated with the appellee, any use of "Slater Screw Machine Tool Company" or any other name which sets the words "Screw Machine Tool Company" apart violates the 1966 consent decree because placing the word "Slater" on a different line and in distinguishable type from the rest of the name is likely to cause confusion as to the source of products.
 
 
 4
 480 F.2d at 1042-43. The third finding of contempt, affirmed by this court in our 1973 decision, was based on conduct by Slater similar in nature to the conduct at issue in the present appeal:
 
 
 5
 The action from which this appeal was perfected was brought by the appellee as a Motion for Contempt, alleging that the appellants had again violated the consent decree by preparing and circulating two catalogs in which the name Slater Screw Machine Tool Company appears with Slater on a separate line or in a distinct type of print from the words Screw Machine Tool Company, and by printing and distributing brochures and catalogs that are for all practical purposes exact copies of the appellee's brochures and catalogs. The District Court found that the appellants had violated the consent decree....
 
 
 6
 480 F.2d at 1043. Our 1973 decision affirmed not only Judge DeMascio's finding of contempt but also his granting of injunctive relief which prohibited Slater's use of its trade name "Slater", "in conjunction with but on a different line or a distinguishable type from the words Screw Machine Tool Company."[1] We explained that
 
 
 7
 The appellants use the name "Slater Screw Machine Tool Company" in place of "Screw Machine Tool Company," but "Slater" is a close enough approximation of the appellee's trademark "Slitters" to result in a likelihood of confusion, particularly since the appellees generally use "Slitters" in script and the appellants customarily employ "Slater" in script in brochures and promotional material. In addition, the addresses of each are in the Detroit area, and each distributes its promotional material and catalogs nationally.
 
 
 8
 480 F.2d at 1044. We also approved the district court's permanent injunction against the distribution by Slater of the catalogs and brochures found to have violated the 1966 decree. Id.
 
 
 9
 The provision in the 1966 Consent Decree which the district court found to have been violated, both in its 1972 contempt order and in the decision presently under review, reads as follows:
 
 
 10
 it is
 
 
 11
 Further ordered and decreed that said defendants, their officers, agents, servants, employees, successors and assigns, and each of them, be and hereby are permanently enjoined and restrained from ... passing off or providing others with means of passing off in any manner defendants' products as those of the plaintiff or as having any connection with plaintiff, or using any marks or doing any acts or things likely to induce the belief on the part of the public that defendants or defendants' products are in any way connected with plaintiff or plaintiff's products....[2]
 
 
 12
 The fourth finding of contempt, which we review on this appeal, was made by Judge DeMascio on two grounds. First, he found that defendant's use of its trade name "Slaters", in script printing style, in its advertisements and two new catalogs violates the 1966 Consent Decree because it is likely to induce confusion in the public between Slater and the plaintiff, whose brochure and advertisements use the name "Slitters" in "virtually identical script",[3] and because a 1967 order by the late Judge Theodore Levin specifically interpreted the 1966 Consent Decree as prohibiting "(a)ny printing of the word 'Slater' in script".[4]
 
 
 13
 The district court's finding of contempt was also based on its finding that the two new catalogs used by Slater since the 1972 Contempt Order are "substantially identical" to the plaintiff's catalog and brochure, and that one of Slater's advertisements is "virtually identical" to plaintiff's advertisements.[5] This substantial identity was held by the district court to be "likely to induce the belief on the part of the public that defendant's ... products are ... connected with plaintiff or plaintiff's products", and therefore violative of the Consent Decree.[6]
 
 
 14
 On appeal, Slater presents seven principal arguments. The first three and the sixth arguments reduce to the claim that the Consent Decree did not specifically prohibit the use of the name "Slaters" in script standing alone, and did not specifically prohibit the copying of plaintiff's catalog and brochures, materials which are not copyrighted. Instead of employing summary contempt proceedings, argues Slater, the district court should have required the plaintiffs to commence a new unfair competition action because the 1966 Consent Decree was not intended or interpreted by earlier district court orders to cover the conduct involved here.
 
 
 15
 Upon consideration, the court is of the opinion that there is no merit to this contention. Judge Levin's 1967 contempt order specifically interpreted the Consent Decree to prohibit "(a)ny printing of the word 'Slater' in script".[7] Judge Levin held that this would create a likelihood of confusion in the public between Slater and the plaintiff, in violation of the decree. The district court correctly relied on Judge Levin's Order as well as its own judgment to reach the same conclusion. Our decision in 1973 made clear that the nearly wholesale copying by Slater of the plaintiff's uncopyrighted catalogs, brochures, and advertisements could in fact be found by the district court to violate the Consent Decree. See Screw Machine Tool Co., supra, 480 F.2d at 1043-44. The proceedings in the district court were therefore clearly in enforcement and effectuation of the 1966 Consent Decree.
 
 
 16
 Slater next argues that the district court applied the wrong legal test to determine whether the Consent Decree was violated by the copying of plaintiff's catalog, brochure, and advertisement. Even though the district court found Slater's material to be "substantially identical" to the plaintiff's materials, Slater claims the district court was required to determine whether Slater's materials actually create confusion among customers and prospective customers of Slater and the plaintiff. The court finds no merit in this contention in view of the express language of the Consent Decree earlier quoted, which prevents any acts "likely to induce the belief on the part of the public" that Slater or Slater's products "are in any way connected with plaintiff or plaintiff's products". Under this language proof of actual deception is not required.
 
 
 17
 Slater claims that the injunctive relief ordered by the district court is overly broad. As part of its order, the district court prohibited Slater from "(c)opying or using in any way any material from plaintiff's catalog, ... brochure, ... or advertisements, ... or from any other materials published by plaintiff, whether copyrighted or uncopyrighted."[8] Slater argues that this Order is far broader than necessary to remedy the violations of the Consent Decree, and that any prohibition of the copying of uncopyrighted materials by the district court is inconsistent with the copyright provisions of the U.S. Constitution, art. I, § 8, cl. 8, and the federal copyright statute. 17 U.S.C. § 101 et seq. Slater cites Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 232, 84 S.Ct. 784, 789, 11 L.Ed.2d 661 (1964) and Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 237, 84 S.Ct. 779, 781, 11 L.Ed.2d 669 (1964) for the latter proposition. In response to this claim the court notes that this is the fourth occasion on which plaintiffs have been obliged to seek judicial relief in aid of the Consent Decree. It is that decree, entered with the consent of the defendants, which still constitutes the law of this case. Although our 1973 opinion in this case did not mention the Sears and Compco cases, the court is of the opinion that Slaters copyright arguments were adequately addressed in that decision. See Screw Machine Tool Co., supra, 480 F.2d at 1043.
 
 
 18
 The court concludes that the trial court did not err in incorporating in its Order a prohibition against use of the same part numbering or in requiring the defendants at their expense to procure the return of the offending material. Neither, in the opinion of the court, did the trial court err in limiting the introduction by defendants of evidence and testimony in support of their claim that significant portions of plaintiff's catalogs and advertising were the same as those employed by third parties.
 
 
 19
 While the relief entered by the district court in this latest litigation is indeed broad and is argued to be unnecessarily punitive, the impact of the latest violations of the Consent Decree by defendants must be measured in the light of the violations which preceded them. The cumulative impact could only have compounded the likelihood of confusion, the avoidance of which is the object of the Consent Decree. Under such circumstances the trial judge did not abuse his discretion by imposing more stringent and complete measures to remedy the most recent violations of the Decree.
 
 
 20
 AFFIRMED.
 
 
 
 *
 Hon. Luther M. Swygert, Senior Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation
 
 
 [1]
 Screw Machine Tool Co. v. Slater Tool & Engineering Corp., Civ. No. 28644, mem. and order at 4-5 (E.D.Mich. July 25, 1972), aff'd., 480 F.2d 1042 (6th Cir. 1973) (per curiam) (Contempt Finding Number 3)
 The various orders and opinions of the district court in this 16-year old case have the same caption and docket number, and are referred to hereafter as Screw Machine and by date.
 
 
 [2]
 Screw Machine, Consent Decree at 1-2 (E.D.Mich. October 10, 1966) (emphasis added)
 
 
 [3]
 Screw Machine, mem. op. at 8 (E.D.Mich. March 5, 1981) (Contempt Finding Number 4)
 
 
 [4]
 Id. at 6-7. Judge Levin's 1967 Order was the second finding of contempt against the defendants in this case, and interpreted the Consent Decree as follows:
 Anything beyond the mere use of the name "Slater Screw Machine Tool Company" is subject to the general provisions of the consent decree which forbid defendants from "passing off ... in any manner" that defendants' products are those of the plaintiff or acting in a manner that would be "likely to include (that) belief on the part of the public."
 The court finds that any use of "Slater Screw Machine Tool Co." or any other name which sets the words "Screw Machine Tool Co." apart violates the consent decree. Placing the word "Slater" on a different line and in distinguishable type from the rest of the name in defendants' advertising, promotional material and stationery, is likely to cause confusion as to the source of the products. Likewise, the court finds that the use of different colors or different size type, even if the whole name appears on one line, will violate the spirit of the consent decree. Any printing of the word "Slater" in script will also "afford a likelihood of confusion to the public" in violation of the consent decree.
 Screw Machine, Order at 2-3 (E.D.Mich. Nov. 15, 1967) (Contempt Finding Number 2).
 
 
 [5]
 Screw Machine, mem. op. at 8-9 (E.D.Mich. March 5, 1981) (Contempt Finding Number 4)
 
 
 [6]
 Id. at 9
 
 
 [7]
 Screw Machine, Order at 3 (E.D.Mich. November 15, 1967) (Contempt Finding Number 2)
 
 
 [8]
 Screw Machine, Order at 1 (E.D.Mich. March 5, 1981) (emphasis added) (Contempt Finding Number 4)